**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES CARL REILY
Plaintiff,
vs.
GLEN WHORTON, *et al*.,
Defendants.

3:06-cv-0214-PMP (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

December 17, 2007

This Report and Recommendation is made to the Honorable Philip M. Pro, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#6). Plaintiff failed to file an opposition. The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss (#6) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff James Carl Reily ("plaintiff"), acting *in pro se*, is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Lovelock Correctional Center ("LCC") (#3). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right against cruel and unusual punishment. *Id*. Plaintiff names as defendants Glen Whorton, former NDOC Director; Donald Helling, Northern Nevada Correctional Center ("NNCC") Warden; Dr. Marsha Jones, NNCC Physician; Darrel Rexwinkle, NNCC Caseworker; and Dr. John Scott, LCC Physician. *Id*.

Plaintiff filed his complaint on May 8, 2006.[1] *Id*. Plaintiff claims that he is disabled because he has chronic pain in his lower back and knees, and has difficulty climbing stairs. *Id*. Plaintiff alleges in count II that defendants Whorton, Helling, Johns and Rexwinkle acted with

[1] Pursuant to 28 U.S.C. § 1915A, the court screened plaintiff's complaint and dismissed count I (#4).

deliberate indifference to his medical needs by refusing to accommodate plaintiff's disability and provide him with a lower bunk assignment and by ignoring his grievances. *Id*. In count III, plaintiff alleges that defendants Johns and Scott have acted with deliberate indifference to plaintiff's medical needs by failing to adequately treat plaintiff's complaints of pain. *Id*. Plaintiff claims that the only treatment he has received is a knee brace that is too small, a cane, and some ibuprofen. *Id*.

On July 2, 2007, defendants filed the current motion to dismiss (#6). The court issued its standard *Klingele* order on July 3, 2007, informing plaintiff of his responsibilities in responding to a dispositive motion (#7). Plaintiff did not file an opposition. On November 6, 2007, this court issued an order *sua sponte* granting plaintiff an extension of time until November 21, 2007 to file a motion in opposition (#8). The order stated that the court would grant no further extensions of time and that defendants' motion to dismiss would be submitted to the court unopposed should plaintiff fail to file a response. *Id*. To date, plaintiff has not filed a motion in opposition to defendants' motion to dismiss.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Motion to dismiss for failure to state a claim

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right,

privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotations omitted). Where a *pro se* plaintiff fails to state a claim, he or she "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B. Analysis**

Defendants argue that plaintiff failed to exhaust his administrative remedies (#6). The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002). Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Id*. at 741. The Supreme Court has strictly construed section 1997e(a). *Id*., n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

The NDOC grievance procedure is governed by A.R. 740 (#6, Exhibit C). In order to exhaust available remedies, A.R. 740 requires as follows: (1) an informal review process; (2) a first level formal written grievance appealing the informal grievance decision to the warden; and (3) a second level grievance appealing the first level grievance decision, which is decided by the Assistant Director of Operations. *Id*.

The undisputed evidence reveals that plaintiff failed to exhaust his administrative remedies. Defendants submit copies of plaintiff's grievances, which demonstrate that plaintiff filed an informal and first level grievance concerning the bunk issue, and only an emergency

grievance concerning his knee brace (#6, Exhibits A and B). Karen Walsh, NDOC Health Information Director, affirms that plaintiff has not filed any other grievances pertaining to his bunk assignment, his knee brace, or treatment of his disability in general (#6, Walsh Affidavit, ¶ 9). Further, plaintiff has since been assigned to a lower bunk on a lower tier, and Ms. Walsh affirms that plaintiff's knee brace is the correct size. *Id*. at ¶ 10.

The Local Rules of Practice for the District of Nevada provide that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Since plaintiff failed to oppose defendants' motion to dismiss, the court concludes that plaintiff consents to defendants' argument that plaintiff failed to exhaust his administrative remedies. The court grants defendants' motion.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies. As such, the court recommends that defendants' motion to dismiss (#6) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#6) be **GRANTED**.

**DATED:** December 17, 2007.

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**